**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN J. HALBERT**
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| S.L., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-JV-937 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Geoffrey Gaither, Magistrate
Cause No. 49D09-1202-JD-456

**June 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

S.L. appeals his juvenile adjudication for child molesting, which would have been a Class B felony if committed by an adult. We affirm.

## Issue

S.L. raises one issue, which we restate as whether the trial court properly excluded certain evidence during the fact-finding hearing.

## Facts

In October 2011, sixteen-year-old S.L. had sex with twelve-year-old J.W. in the restroom of a church in Indianapolis. On February 23, 2012, the State alleged that S.L. committed what would have been Class B felony and Class C felony child molesting if committed by an adult. On September 25, 2012, a fact-finding hearing was held.

During J.W.'s cross-examination, the following exchange took place between defense counsel and J.W.:

> Q. Ok, now before I talk to about the statements, this incident about [S.L.] that you claimed happened, this wasn't reported in October was it?
>
> A. No sir.
>
> Q. As a matter of fact you got in trouble at your school is that right?
>
> A. Yes sir.
>
> Q. And you have a principal named Mr. Amos?
>
> A. Yes sir.
>
> Q. Ok, and at school I believe is that Warren Township Middleschool?

A.     Yes sir.

* * * * *

Q.     . . . . And it wasn't until you got in trouble with a boy named Tyrone I think at Warren Central . . .

Tr. pp. 19-20. At that point, the prosecutor objected, arguing that this evidence was unrelated to this matter. Defense counsel explained that it was "very related . . . because there comes a time where it's advantageous for her to make up something about [S.L.] after she got in trouble at Warren Central." Id. at 20. The trial court overruled the State's objection.

Defense counsel then asked J.W., "Essentially there was a boy names [sic] Tyrone that you supposedly had sex with at school?" Id. The prosecutor objected based on the Rape Shield law and Indiana Evidence Rule 412. Defense counsel responded, "I'm not admitting this for the truth of whether she had sex with Tyrone it has to do with the fact that she was in trouble and she saw it advantageous to make up a story. It goes to motive and making up a story." Id. at 21. The trial court sustained the objection and explained "if you want to talk about trouble in its' [sic] general sense I don't know if the nature . . . of the trouble is relevant to what we're doing." Id. Defense counsel responded, "[f]air enough you're [sic] Honor." Id.

Defense counsel then questioned J.W. as follows:

Q.     But at, so at some point you went to talk to the principal?

A.     Yes sir.

3

> Q. And then at some point not long after that you changed your story about [S.L.]?
>
> A. Yes sir.

Id. Defense counsel then began questioning J.W. about her statement to police.

Later, defense counsel questioned J.W. as follows:

> Q. Alright, and you denied any involvement with [S.L.], nothing happened correct?
>
> A. Yes sir.
>
> Q. And you continued to do that for over a month?
>
> A. Yes sir.
>
> Q. Ok, until you got in trouble?
>
> A. Yes sir.

Id. at 28.

On re-direct, the prosecutor questioned J.W. about talking to the principal as follows:

> Q. Did Mr. Amos ever specially say [S.L.'s] name to you?
>
> A. No sir.
>
> Q. How did he, how did Mr. Amos find out about [S.L.]?
>
> A. I don't know.
>
> Q. Did you give Mr. Amos any information about what happened with [S.L.]?
>
> A. No sir, no mam [sic].
>
> Q. Did you ever tell him anything later about [S.L.]?

4

> A. Yes mam [sic].
>
> Q. And why did you tell him?
>
> A. Because he asked me a question about that happened?

Id. at 30-31.

At the conclusion of the hearing, the trial court entered a true finding as to the Class B felony allegation.[1] S.L. now appeals.

## Analysis

On appeal, S.L. argues that the trial court improperly excluded evidence regarding J.W.'s motive to lie. "The admission or exclusion of evidence rests within the sound discretion of the trial court, and we review for an abuse of discretion." Conley v. State, 972 N.E.2d 864, 871 (Ind. 2012). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." Id. "The trial court's decision will not be disturbed absent a requisite showing of abuse." Id.

S.L. argues that he sought to introduce testimony regarding J.W. being called into the principal's office at school to support his theory that she fabricated the incident to get out of trouble at school. S.L. asserts that the nature of this testimony was not the sexual conduct of J.W. and that defense counsel explicitly stated he was not offering this evidence to prove whether J.W. had sexual relations with another boy.

---

[1] The trial court merged the Class C felony allegation into the Class B felony allegation.

Our review of the record shows that the trial court overruled the prosecutor's initial objection to this line of questioning. At that point, defense counsel began questioning J.W. about having sex with someone else. When the prosecutor objected again, the trial court sustained the objection and explained to defense counsel that he could question J.W. about trouble at school in a general sense. Thus, although the trial court did not allow defense counsel to question J.W. about past sexual conduct, the trial court did permit defense counsel to question J.W. about getting in trouble in school as a reason to lie about her allegations against S.L. And in fact, defense counsel questioned S.L. about changing her story after she talked to the principal and did not make an offer of proof regarding any excluded testimony.

Thus, to the extent defense counsel wanted to further question J.W. about getting in trouble at school generally, there is no indication that the trial court would have prohibited that. To the extent the trial court may have erred in its ruling, S.L. has not shown how that error prejudiced his substantial rights because defense counsel did question J.W. about changing her story after talking to the principal. See Ind. Trial Rule 61 ("No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice."); Ind. Evidence Rule 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."). To

6

the extent S.L. wanted to question J.W. regarding her past sexual conduct with someone else, S.L. did not make an offer of proof sufficient to preserve the issue for appeal, and the issue is waived. See State v. Wilson, 836 N.E.2d 407, 409 (Ind. 2005) ("[A]n offer of proof must be sufficiently specific to allow the trial court to determine whether the evidence is admissible and to allow an appellate court to review the correctness of the trial court's ruling and whether any error was prejudicial.").

## Conclusion

S.L. was permitted to question J.W. about changing her story after getting in trouble at school and has not established that the trial court's ruling regarding his cross-examination of J.W. prejudiced his substantial rights. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.